UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

UNITED STATES OF AMERICA           :
                                   :
                                   :
          v.                       :          Case No. 3:25-cr-17
                                   :
MICHAEL RAY ROOMSBURG,             :
                                   :
          Defendant.               :

**DUE PROCESS OBJECTION TO THE MANDATORY IMPOSITION OF
ELECTRONIC MONITORING AND CURFEW**

Michael Ray Roomsburg, by counsel, objects on both facial and as applied Due

Process grounds to the automatic, but not reasonably necessary to achieve the goals

of release conditions, imposition of electronic monitoring and curfew as a condition of

release pursuant to 18 U.S.C. § 3142(c)(1)(B).

RELEVANT FACTUAL BACKGROUND

Mr. Roomsburg is a 40-year-old veteran of the United States Airforce. While in

the Airforce, Mr. Roomsburg served his country as a military police officer. He served

from 2003 to 2012. Following his general discharge, he continued in public service.

He served for a decade as a 911 operator. During this time, he obtained certificates

in 911 services and completed EMT school. Following his public service, Mr.

Roomsburg worked for a period at the Hershey plant in Stuarts Draft and currently

works for a moving company called Moving Forward. Mr. Roomsburg resides at the

stable address listed in the release paperwork. His name is on both the lease and the

utilities. He lives alone. Mr. Roomsburg's modified pretrial bail report reflects no

criminal history whatsoever. Mr. Roomsburg has never used any controlled substance other than marijuana.

The offense dates alleged by the indictment date to late 2024 and February 2025. Law enforcement searched Mr. Roomsburg's residence in February 2025 pursuant to a search warrant. Law enforcement seized all of Mr. Roomsburg's electronics at that time. They did not arrest Mr. Roomsburg. Charges were not brought until November 13, 2025. Mr. Roomsburg remained at his residence after the execution of the search warrant and continued with his daily routine. There is no evidence Mr. Roomsburg engaged in any illegal conduct in the approximately nine months that have passed since the search warrant was executed.

In its release order, the Court imposed a condition restricting Mr. Roomsburg to two internet capable devices. (ECF at 17 at 3). The Court required monitoring software installed on Mr. Roomsburg's internet capable devices. Mr. Roomsburg did not oppose these conditions, or any of the other conditions proposed by U.S. Probation or the Government during the initial appearance. These conditions are sufficient to meet goals of keeping the community safe and ensuring that Mr. Roomsburg returns to court.

<u>ARGUMENT</u>

The Adam Walsh Act's mechanical restriction on an accused person's liberty violates Due Process both facially and as applied to Mr. Roomsburg. Pursuant to the Adam Walsh Act, 18 U.S.C. § 3142(c)(1)(B) provides the following:

> In any case that involves a minor victim under section 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3),

2

2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425 of this title [18 USCS § 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), (2), (3), 2252A(a)(1), (2), (3), (4), 2260, 2421, 2422, 2423, or 2425], or a failure to register offense under section 2250 of this title [18 USCS § 2250], any release order shall contain, at a minimum, a condition of electronic monitoring and each of the conditions specified at subparagraphs (iv), (v), (vi), (vii), and (viii).

In other words, the Adam Walsh Act strips the Court of the ability to make an individualized determination of the appropriate conditions of release in certain kinds of cases. The individual characteristics of the person, the specific factual allegations and even the strength of the Government's case are all irrelevant. The accused may not even be *heard* on whether electronic monitoring and a curfew will be imposed. Such provision defies Due Process protections on its face and – especially – as applied to Mr. Roomsburg.

**I.      The Adam Walsh Act violates Due Process on its face.**

The Due Process Clause of the Fifth Amendment protects persons from deprivation of "life, liberty, or property, without due process of law[.]" The Due Process analysis proceeds in two steps. First, the Court evaluates whether liberty or property interested has been interfered with by the state. *Kentucky Department of Corrections v. Thompson*, 490 U.S. 454, 460 (1989) (citations omitted). Second, the Court determines whether the "procedures attendant upon the deprivation were constitutionally sufficient." *Id.*

A.      <u>The electronic monitoring and curfew requirement implicates a liberty interest.</u>

"A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word "liberty."" *Wilkinson v. Austin*, 545 U.S. 209, 221, 125

S. Ct. 2384 (2005); *United States v. Arzberger*, 592 F. Supp. 2d 590, 600 (S.D.N.Y. 2008). "[liberty] from bodily restraint always has been recognized as the core of the liberty protected by the Due Process Clause from arbitrary governmental action." *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 18 (1979) (Powell, J., concurring in part and dissenting in part). There is also a fundamental liberty interest in the freedom of movement. *See Kent v. Dulles*, 357 U.S. 116 (1958) ("Freedom of movement is basic in our scheme of values.") (citation omitted); *Schleifer v. City of Charlottesville*, 963 F. Supp. 534, 542-543 (W.D. Va. 1997).

The Adam Walsh Act requires the Court to impose a condition of release that straps a monitoring device to Mr. Roomsburg's body. While less restrictive than say, shackles or a jail cell, the monitoring device is still a bodily restraint that, of course, raises serious liberty interest concerns. Moreover, both the monitoring device and the curfew pose restrictions on Mr. Roomsburg's freedom of movement. These conditions quite clearly infringe upon his liberty interest.

B.    <u>The procedural protections afforded by the Adam Walsh Act are insufficient.</u>

Mandatory electronic monitoring and curfew requirements that the Court must impose *regardless* of whether they are necessary and without an opportunity to be heard fail to satisfy Due Process. Once a liberty interest has been identified, courts apply the test set out in *Mathews v. Eldridge*, 424 U.S. 319, 323 (1976) to "ascertain the extent of the procedural protection constitutionally required." *Arzberger*, 592 F. Supp. 2d at 600; *see also United States v. Torres*, 566 F. Supp. 2d 591, 597 (W.D. Tx. 2008). The test is as follows:

4

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews*, 424 U.S. at 334.

Multiple courts have found that the liberty interest implicated by the Adam Walsh Act's monitoring and curfew requirements are significant. *See, e.g., Arzberger*, 592 F. Supp. 2d at 600; *Torres*, 566 F. Supp. 2d at 597. And indeed, as the court in *Torres* put it, "an individual's right to freedom of movement among locations and the right to remain in a public place are fundamental to our sense of personal liberty protected by the Constitution." *Torres*, 566 F. Supp. 2d at 597. This factor weighs heavily in favor of an individual determination regarding the appropriateness of the imposition of electronic monitoring or a curfew.

Moreover, while there are no known error rates regarding "how many defendants upon whom the Amendments automatically impose a curfew would be relieved of that condition if their specific circumstances were considered[,]… it cannot be assumed that courts would generally require a curfew for defendants charged with child pornography offenses if such a condition were discretionary rather than mandatory." *Arzberger*, 592 F. Supp. 2d at 600-01. The additional procedural safeguard of an individual determination of the appropriateness of the condition would "reduce the risk of erroneous deprivation at little cost." *Id.*

Finally, of course, the Government has a significant interest in protecting the community and particularly children. *See, e.g. Id*. However, an individual determination regarding whether an electronic monitor or curfew is necessary in a specific case does not undermine this objective. *Id*. Title 18 U.S.C. § 3142 permits the Court to impose a broad range of conditions to "reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" Courts, for example, may impose software monitoring on internet capable devices and pretrial supervision, as it has done here, when those conditions are warranted to meet the Government's community safety interest.  When these conditions are sufficient, the Government's interest in protecting children and the community are not injured by the absence of electronic monitoring or a curfew.

As a result, because of the great liberty interest involved and the Court's ability to craft reasonable release conditions based on an individual determination, the Adam Walsh Act electronic monitoring and curfew provisions violate Due Process. *See, e.g., Arzberger*, 592 F. Supp. 2d at 600-01; *United States v. Torres*, 566 F. Supp. 2d at 597; *United States v. Karper*, 847 F. Supp. 2d 350, 360 (N.D.N.Y. 2011); *see also United States v. Polouizzi*, 697 F. Supp. 2d 381, 386-387 (E.D.N.Y. 2010) (finding Adam Walsh restrictions invalid as applied) (collecting cases).

C. <u>The automatic imposition of the challenged conditions are facially invalid.</u>

A facial Due Process challenge admittedly carries with it a heavy burden, and a party cannot prevail in a facial challenge  unless "no set of circumstances exists under which the Act would be valid." *United States v. Salerno*, 481 U.S. 739, 745

6

(1987). And it is, of course, true that there are some circumstances in which electronic monitoring and curfew are appropriate, necessary and reasonable conditions of supervision. 18 U.S.C.§ 3142 (c)(1)(B). But every single one of these accused persons should be entitled to be heard on the issue, to present evidence relating the necessity of the requirement and receive an individual determination of whether the condition is necessary. *See, .e.g., Grannis v. Ordean,* 234 U.S. 385, 394-395 (1914) ("The fundamental requisite of due process of law is the opportunity to be heard.") (quoting *Louisville & N. R. Co. v. Schmidt*, 177 U.S. 230, 237 (1900)).

As the Court in *Karper* put it:

> The absence of procedural due process means that every defendant charged with receipt and possession of child pornography is outright denied an opportunity (1) to rebut the need to restrict his freedom of movement, (2) to interject his presumed innocence against the notion that he will prospectively engage in future crimes, and (3) to have an independent judicial evaluation of the compelling facts before a court. The Court cannot fathom how to more narrow the reach of the Adam Walsh Act, in terms of mandating conditions, in order to preserve its constitutionality, and still provide the required and basic due process elements. In fact, these features of the Adam Walsh Act offend principles of justice that are so rooted in tradition and society's conscience "as to be ranked fundamental." *Medina v. California*, 505 U.S. 437, 112 S. Ct. 2572, 120 L. Ed. 2d 353 (1992). Accordingly, this Court joins other courts and finds that these provisions of the Adam Walsh Act Amendments on their face violate the Due Process Clause of the Fifth Amendment. *United States v. Smedley*, 611 F. Supp. 2d 971 (E.D. Mo. 2009); *United States v. Merritt*, 612 F. Supp. 2d 1074 (D.Neb. 2009); *United States v. Arzberger*, 592 F. Supp. 2d 590 (S.D.N.Y. 2008); *United States v. Torres*, 566 F. Supp. 2d 591 (W.D. Tex. 2008); *United States v. Crowell*, 2006 U.S. Dist. LEXIS 88489, 2006 WL 351736 (W.D.N.Y. Dec. 7, 2006); c.f., *United States v. Peeples*, 630 F.3d 1136 (9th Cir. 2010); *United States v. Stephens*, 594 F.3d 1033 (8th Cir. 2010); *United States v. Kennedy*, 327 F. App'x 706 (9th Cir. 2009).

847 F. Supp. 2d at 360.

The Adam Walsh Act conditions do not give a Court even the opportunity to consider an individual's circumstances, trample Due Process, and are facially invalid.

D.    The Adam Walsh Conditions are invalid as applied to Mr. Roomsburg.

Even if not facially invalid, the Adam Walsh Act conditions at issue are invalid as applied to Mr. Roomsburg. An as applied challenge "requires an analysis of the facts of a particular case to determine whether the application of a statute, even one constitutional on its face, deprived the individual to whom it was applied of a protected right." *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 449 (2008) (internal quotation marks omitted) (quoting *Salerno*, 481 U.S. at 745); *see also United States v. Diaz,* 2018 U.S. Dist. LEXIS 182629 at 10-11 (S.D.N.Y. 2018) (finding Adam Act Walsh conditions invalid as applied).

Mr. Roomsburg has no criminal history, a stable place to live, and a job. He is a veteran of almost a decade in the U.S. military. He was a military police officer. There is no evidence of any additional criminal conduct in the almost nine months Mr. Roomsburg was in the community without supervision after the search warrant was executed at his home. This Court has imposed – without Mr. Roomsburg's objection – a condition of software monitoring of Mr. Roomsburg's devices. The risk that a condition will be imposed that is unnecessary to reasonably ensuring Mr. Roomsburg's return and protecting the community is real and significant. At a minimum, an individualized determination is necessary to mitigate such risks with respect to Mr. Roomsburg. The Adam Walsh Act *mandatory* requirement that the Court impose electronic monitoring and a curfew on Mr. Roomsburg violates Due Process as applied to Mr. Roomsburg.

8

## CONCLUSION

For foregoing reasons, Mr. Roomsburg, through counsel, objects to the mandatory imposition of electronic monitoring  on both facial and as-applied Due Process grounds.

Respectfully Submitted,

MICHAEL RAY ROOMSBURG
By Counsel

/s/ William Warriner
William Warriner
Virginia Bar No.: 88589
Assistant Federal Public Defender
Office of the Federal Public Defender
401 E. Market Street, Ste 106
Charlottesville, VA 22902
Ph. (434) 220-3388
Fax (434) 220-3390
William_Warriner@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record.

/s/William Warriner
William Warriner

10